IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RILEY HINDS,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of<br>Social Security,<br><br>    Defendant. | 3:14-CV-02023-JO<br><br>OPINION AND ORDER |

JONES, J.,

  Plaintiff Riley Hinds appeals the Commissioner's decision denying his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

## PRIOR PROCEEDINGS

  Hinds filed concurrent applications under Title II and Title XVI, alleging disability beginning in August 2008. Admin. R. 12. The ALJ applied the five-step analysis outlined in the regulations to determine whether Hinds was disabled. Admin. R. 14-25. The ALJ found that Hinds' ability to work was adversely affected by attention deficit hyperactivity disorder, anxiety, antisocial personality disorder, and paranoid personality disorder. Admin. R. 14. The ALJ determined that, despite these impairments, Hinds retained the residual functional capacity

("RFC") to perform work at all exertional levels, but with a number of nonexertional limitations. Specifically, the ALJ found that Hinds could perform jobs that involve simple, routine tasks, occasional contact with supervisors, superficial contact with coworkers, and no contact with the general public. Additionally, the ALJ found that Hinds would need to work in relative isolation, with no over-the-shoulder supervision by a supervisor. Admin. R. 16. The vocational expert ("VE") testified that a person with Hinds' RFC could perform unskilled occupations such as hotel/ motel housekeeper or janitor, representing a combined total of 311,000 jobs in the national economy. Admin. R. 25.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala,* 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

### I. Claims of Error

Hinds contends the ALJ erred in evaluating the opinions of examining psychologists Dr. Huggins and Dr. McConochie. Additionally, Hinds claims that a remand for an award of benefits is warranted.

///

## II. Medical Opinions

Hinds had a psychological evaluation with Dr. Huggins on January 25, 2013. Dr. Huggins diagnosed Hinds with ADHD, Alcohol Abuse and Cannabis Related DO. Admin. R. 370. He assigned Hinds a Global Assessment of Functioning (GAF) score of 55, indicating moderate symptoms related to social, occupational or school functioning. Admin. R. 21, 370. Additionally, Dr. Huggins opined that Hinds had an average ability to understand and remember simple instructions, but that his ability to understand and comply with complex instructions was poor, and his ability to maintain sustained concentration and attention was very poor. Dr. Huggins further opined that Hinds had poor insight and judgment, low frustration tolerance, and a poor to marginal ability to engage in appropriate social interactions consistently. Admin. R. 21, 370.

On January 25, 2013, Hinds had another psychological evaluation with Dr. McConochie. Dr. McConochie indicated diagnoses of generalized anxiety disorder, cannabis dependence, antisocial personality disorder, and paranoid personality disorder. Admin. R. 402. He opined that Hinds had mild impairment in his ability to understand and remember instructions, moderate impairment in his ability to sustain concentration, and mild to moderate impairment in his ability to engage in appropriate social interaction. Admin. R. 21, 402. Dr. McConochie noted that, in a work setting, mild impairment would likely cause a supervisor to occasionally remind the employee to perform better, while moderate impairment would likely cause an employer to warn the employee that dismissal would be imminent if the behavior did not improve. Admin. R. 402. Given Hinds' problem areas, including memory problems, discomfort with people, anger management difficulties, and generalized anxiety, Dr. McConochie concluded that Hinds'

3- OPINION AND ORDER

prospects for employment during the next 12 months were low. Admin. R. 21, 403. He stated that Hinds could benefit from vocational counseling, and could probably manage money responsibly. Admin. R. 21, 403.

The ALJ gave the opinions of Dr. Huggins and Dr. McConochie "partial weight." Admin. R. 21. An ALJ may discount an examining doctor's opinion that is not contradicted by another doctor, if the ALJ makes findings setting forth clear and convincing reasons for doing so that are based on substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). Here, the ALJ offered clear and convincing explanations for giving these opinions diminished weight.

First, the ALJ noted that both Dr. Huggins and Dr. McConochie were one-time examiners. Admin. R. 21. The length of the treatment relationship is one factor the ALJ may consider when determining how much weight to give a doctor's opinion. *See* 20 C.F.R. § 404.1527(c)(2)(i).

Second, the ALJ stated that Hinds' reluctance to take medications and engage in treatment was not consistent with the degree of limitations Dr. Huggins and Dr. McConochie alleged. Both Dr. Huggins and Dr. McConochie indicated that Hinds would have difficulty maintaining appropriate social behavior and concentration. Admin. R. 21, 370, 403. Additionally, Dr. McConochie did not feel Hinds had a good prognosis for change given his discomfort with counseling. Admin. R. 403. Despite alleging disability from 2008, however, Hinds only recently began taking medication for ADHD, although the treatment notes and testimony in the record indicate that medication is helpful. Admin. R. 22-23. Hinds testified that, while he did not like the side effects, his medication "helps [him] focus a little bit." Admin.

R. 48. His mother similarly testified that medications were helpful to him in the past. Admin. R. 58. The ALJ also noted that Hinds' motivation to work may be further compromised because he received support elsewhere. Admin R. 23. Accordingly, the ALJ reasonably concluded that Hinds' ability to persist, attend, and get along with others would likely improve if he were to engage in appropriate treatment, including medication. Admin. R. 22, 23, 403. *See Orn v. Astrue,* 495 F.3d 625, 638 (9th Cir. 2007) ("if a claimant complains about disabling symptoms but fails to seek treatment or fails to follow prescribed treatment for those symptoms, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated."); *Warre v. Comm'r of Soc. Sec. Admin*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

Third, the ALJ found that Hinds' activities of daily living were not consistent with the opinions of Dr. Huggins and Dr. McConochie, to the extent they found him unable to work. Admin. R. 24. Hinds reported that he was able to perform personal care, routine household chores, and cooking, and that he enjoyed working out at the gym, watching the daily news, spending time with his family and friends, and listening to audio books. Admin. R. 24, 280-82, 336, 398. While Dr. McConochie opined that Hinds' discomfort with people and anger management issues could be barriers to employment, Hinds reported that he had friends with whom he visited and spent time playing video games, hiking and bicycle riding. Admin. R. 24, 398, 403. Additionally, much of Hinds' past work activity involved working for or with others. Admin. R. 23, 40, 42. Dr. Huggins found that Hinds had a "very poor" ability to sustain concentration and attention. Yet, Hinds reported that he was able to read and watch television on

a regular basis without any difficulty concentrating on these activities. Admin. R. 24, 282, 370. Hinds also persisted through a three hour and 45 minute psychological examination with Dr. McConochie. Admin. R. 23, 394.

Hinds argues that the ALJ failed to account for Dr. Huggins' opinion that Hinds had poor ability to maintain sustained concentration and attention, poor to marginal ability to engage in appropriate social interactions on a consistent basis, and low frustration tolerance. Plaintiff's Opening Brief at 8-9. However, the ALJ gave reasonable weight to these findings when assessing Hinds' residual functioning capacity. The ALJ limited Hinds to jobs that involve occasional contact with supervisors, superficial contact with coworkers, and no contact with the general public. Additionally, he stipulated that Hinds needed to work in relative isolation with no over-the-shoulder supervision. Admin. R. 16. To the extent that Dr. Huggins and Dr. McConochie indicated that Hinds' impairments rendered him unable to work within the restrictions of his RFC assessment, the ALJ discounted their opinions for clear and convincing reasons.

The ALJ's reasoning in determining the weight to give the opinions of Dr. Huggins and Dr. McConochie was clear and convincing and based on rational inferences drawn from substantial evidence in the record. The ALJ's evaluation of Dr. Huggins' and Dr. McConochie's opinions must be upheld, even if the record could reasonably be interpreted differently. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d at 1193. Additionally, because the ALJ reasonably evaluated the medical opinions of Dr. Huggins and Dr. McConochie, Hinds is not entitled to a remand or an award of benefits.

## CONCLUSION

Hinds' assignments of error cannot be sustained. Accordingly, the Commissioner's final decision is AFFIRMED.

DATED this 3rd day of November, 2015

                              Robert E. Jones, Senior Judge
                              United States District Court

7- OPINION AND ORDER